## JONES v. ICKES, Secretary of the Interior.
### No. 5726.

Court of Appeals of the District of Columbia.
Argued March 13, 14, 1933.
Decided April 10, 1933.

Herbert S. Ward, of Washington, D. C., for appellant.

O. H. Graves, Leo A. Rover, and John W. Fihelly, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

VAN ORSDEL, Associate Justice.

This appeal is from a judgment of the Supreme Court of the District denying a writ of certiorari to review the decision of the Secretary of the Interior in a proceeding involving the title to 480 acres of land lying at the mouth of Falls creek on the east side of Carroll Inlet, Revillagigedo Island, Southeastern Alaska.

It appears that appellant's claim is based upon mesne conveyance from an Indian named George Johnson, whose claim is based upon use and occupation by his ancestors long prior to the Russian Treaty of 1867, ceding Alaska to the United States, and confirmed by the Act of Congress of May 17, 1884, c. 53, 23 Stats. 26. The use and occupancy consisted in hunting and fishing on the lands in question by Johnson and his Indian ancestors.

The controversy arose through a notice filed with the register of the Federal Land Office at Anchorage, Alaska, by the district forester, challenging the title of appellant, and setting forth that the land in question, situated within the Tongass National Forest, was public land of the United States.

A hearing was held at which appellant appeared, in which it was held by the local land office that appellant's claim was without merit, and that he had no title to the land in question. Appeal was taken to the Commissioner of the General Land Office, where the decision of the local land office was affirmed, and a further appeal to the Secretary resulting in an approval of the decision.

■ It is here sought by writ of certiorari to set aside the decision of the Secretary on the ground that he was without jurisdiction to hear and determine the case. The general jurisdiction of the Secretary of the Interior, including public lands of the United States, wherever situated, extends "to the sale and disposition of the public domain, the surveying of private land claims and the issuing of patents thereon, and the administration of the trusts devolving upon the government, by reason of the laws of congress or under treaty stipulations respecting the public domain, the secretary of the interior is the supervising agent of the government to do justice to all claimants and preserve the rights of the people of the United States." Knight v. United Land Association, 142 U. S. 161, 177, 12 S. Ct. 258, 262, 35 L. Ed. 974.

It is not contended by counsel for appellant that if the Secretary had jurisdiction to hear and determine this controversy he would have a right to a writ of certiorari to review the case on its merits. Without going further into the facts of the case, the issue is one so plainly within the jurisdiction of the Secretary that further discussion is unnecessary.

■ But if jurisdiction were lacking in the Secretary, another conclusive reason appears in the record for the denial of the writ. A power permit, including the lands in question, was issued in 1927 to the Zellerbach Paper Corporation, of San Francisco, Cal., under the provisions of the act of Congress of June 10, 1920, 41 Stats. 1063, for the creation of a federal power commission, and for the development of water power on public lands of the United States. Section 10(c) of that act (16 USCA § 803) provides: "Each licensee hereunder shall be liable for all dam-

ages occasioned to the property of others by the construction, maintenance, or operation of the project works or of the works appurtenant or accessory thereto, constructed under the license, and in no event shall the United States be liable therefor." Appellant, therefore, if the private owner of the land, would have an action against the paper corporation in the courts of Alaska, wherein all matters relating to his title could be adjudicated. With this legal remedy open, the writ of certiorari is not available.

The judgment is affirmed.